**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIANN MAY RIENZO,

                Plaintiff,

vs.                                  Case No.  8:13-cv-516-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER[1]

### I.  Status

Mariann May Rienzo ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Her alleged inability to work is based upon depression, anxiety, panic attacks, post traumatic stress disorder, high blood pressure, and anemia.  Modified Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed May 17, 2013, at 176, 204.  On April 26, 2011, Plaintiff filed applications for DIB and SSI, alleging an onset disability date in both applications of March 8, 2011.  Tr. at 144-47 (DIB), 148-54 (SSI).  Plaintiff's claims were denied initially, Tr. at 85-86, 89-94, 95-101, and were denied upon reconsideration, Tr. at 87-88, 103-08, 109-14.

On February 24, 2012, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified.  Tr. at 31-62.  Plaintiff

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed May 20, 2013; Reference Order (Doc. No. 19), signed May 21, 2013 and entered May 22, 2013.

was represented by an attorney at the hearing. Tr. at 31. The ALJ issued an unfavorable Decision on March 19, 2012, finding Plaintiff not disabled from March 8, 2011 through the date of the Decision. Tr. at 14-25. On January 23, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff then commenced this action on February 25, 2013 under 42 U.S.C. § 405(g) and § 1383(c)(3), by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal, and they all focus on the effects of Plaintiff's mental disorders: whether the ALJ erred at step three of the sequential evaluation process by failing to find that Plaintiff meets the listing for anxiety-related disorders; whether the ALJ erred by electing not to give weight to the vocational expert's ("VE('s)") testimony regarding Plaintiff's inability to keep a job if she is absent three or four days per month; and whether the ALJ erred in evaluating the medical opinions of Plaintiff's treating psychiatrist and a non-examining psychologist. Plaintiff's Memorandum in Support of Complaint (Doc. No. 20; "Pl.'s Mem."), filed July 15, 2013, at 9-15.[2] On August 21, 2013, Defendant filed a memorandum addressing the issues raised by Plaintiff. See Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective filings, the Commissioner's final decision is due to be reversed and remanded for further proceedings consistent with this Opinion and Order.

---

[2]      Although Plaintiff titles the third issue as challenging the weight assigned by the ALJ to the opinions of "examining physicians," Pl.'s Mem. at 13 (emphasis omitted), in the body of the argument, Plaintiff challenges the ALJ's reliance on "non-examining experts" over the treating psychiatrist, id. at 14.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 16-24.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since March 8, 2011, the alleged onset date."  Tr. at 16 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: depression, anxiety, post traumatic stress disorder, hypertension, alcohol abuse, and chronic renal insufficiency."  Tr. at 16 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 18 (emphasis and citation omitted).

---

[3]        "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform the full range of medium work as defined in 20 C[.]F[.]R[.] [§§] 404.1567(c) and 416.967(c) with lifting and carrying of fifty pounds occasionally and twenty-five pounds frequently. She can sit, stand, and was [sic] about six hours in an eight-hour workday with no limitations in pushing or pulling with the extremities.

Tr. at 20 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as a "registered nurse[.]" Tr. at 23 (emphasis and citation omitted from first quotation). At step five, after considering Plaintiff's age (forty-eight (48) on the alleged disability onset date), education ("at least a high school education"), work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 23 (emphasis and citations omitted). Those jobs include "[h]and [p]ackager," "[c]leaner," and "[h]ousekeeper[.]" Tr. at 24. The ALJ concluded that Plaintiff "has not been under a disability . . . from March 8, 2011, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); <u>see also</u> <u>McRoberts v. Bowen</u>, 841 F.2d 1077, 1080 (11th Cir. 1988); <u>Walker v. Bowen</u>, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises three issues on appeal.  Central to all of the issues are the effects of Plaintiff's mental disorders/illnesses on her ability to perform work and whether and to what extent Plaintiff's alcohol abuse contributes to her symptoms.  For the reasons explained below, judicial review of the ALJ's Decision in this regard is frustrated because of some apparent inconsistencies and lack of explanation.  Accordingly, the matter is due to be reversed and remanded for the ALJ to reconsider these matters.

Plaintiff suffers from a number of mental disorders/illnesses, including depression, anxiety, and post traumatic stress disorder.  She also has been diagnosed with alcohol dependency.  As a result of the mental disorders/illnesses and the alcohol dependency, Plaintiff has been hospitalized on numerous occasions.  Plaintiff's psychiatrist, Curtis Cassidy, M.D., has treated Plaintiff since 2007 and has authored at least two medical source statements relating to the treatment, on September 2, 2011 and February 22, 2012

respectively.  Tr. at 496-98, 1268-69.  In the first statement, Dr. Cassidy opined Plaintiff is

unable to sustain work activity for eight hours per day, five days per week.  Tr. at 498.  In the

second statement, Dr. Cassidy opined Plaintiff has moderate to marked limitations in all

areas relating to understanding, remembering, and carrying out instructions; and marked

limitations in all areas related to responding to supervision, co-workers, and work pressures

in a work setting.   Tr. at 1268-69.   When asked whether Plaintiff's alcohol abuse

"contribute[s] to any of [Plaintiff's] limitations" that Dr. Cassidy assigned, he wrote: "Yes,

intermittently but the patient still has symptoms in the absence of alcohol."  Tr. at 1269.

When asked what changes Dr. Cassidy would make to his answers if Plaintiff "was totally

abstinent from alcohol . . . use/abuse," Dr. Cassidy wrote: "None. Patient still has symptoms

in the absence of alcohol."  Tr. at 1269.

        Throughout the Decision, it is evident that the ALJ considered alcohol use/abuse as

a factor in answering the question of whether Plaintiff is disabled.  See Tr. at 17-22.  Indeed,

the ALJ rejected Dr. Cassidy's opinion that Plaintiff would continue to have symptoms absent

alcohol use/abuse, stating that "[t]here has been no report of limitations for [Plaintiff] when

seen at the hospital other than intoxication.   If [Plaintiff] were compliant with prescribed

medication and treatment, she would not have more than a high moderate to mostly mild

limitation in functioning."  Tr. at 22.  At another point in the Decision, the ALJ accorded

"[g]reat weight" to the opinion of an unidentified state agency psychologist's opinion that the

ALJ summarized in part as finding Plaintiff "has had treatment for posttraumatic stress

disorder, major depression, and panic disorder but was doing good, except for migraines."

Tr. at 18.  In evaluating the unidentified non-examining psychologist's opinion, the ALJ stated

that he (the ALJ) "ha[d] been persuaded that [Plaintiff] would show significant improvement if she avoided the use of alcohol."  Tr. at 18.  The ALJ continued, "Great weight has been given to this opinion, especially the fact that [Plaintiff] was improving with treatment."  Tr. at 18.

The ALJ then went on to assess Plaintiff's RFC.  Tr. at 20.  Even though the ALJ found at an earlier point in the sequential evaluation process that Plaintiff had moderate limitations in social functioning and in maintaining concentration, persistence, and pace, see Tr. at 19, the ALJ did not assess any mental work-related limitations whatsoever in the RFC, Tr. at 20.

The Social Security Act "preclude[s] the award of benefits when alcoholism or drug addiction is determined to be a contributing factor material to the determination that a claimant is disabled."  Doughty v. Apfel, 245 F.3d 1274, 1275 (11th Cir. 2001); see 42 U.S.C. § 423(d)(2)(C).  Accordingly, if an ALJ "determines a claimant to be disabled and finds medical evidence of drug addiction or alcoholism, the [ALJ] then 'must determine whether . . . drug addiction or alcoholism is a contributing factor material to the determination of disability.'"  Doughty, 245 F.3d at 1279 (quoting 20 C.F.R. § 404.1535).  The "key factor" in this materiality determination "is whether the claimant would still be found disabled if he stopped using drugs or alcohol."  Id. (citing 20 C.F.R. § 404.1535(b)(1)).  "[T]he claimant bears the burden of proving that the substance abuse is not a contributing factor material to the disability determination."  Id. at 1281.

The ALJ here did not explicitly find that Plaintiff's alcohol use/abuse is material to the disability determination.  At first blush, it may appear that the ALJ was not required to make

such a finding.  The applicable Regulation only requires that the materiality finding be made if in fact a claimant is found to be disabled.  See Doughty, 245 F.3d at 1279 (quoting 20 C.F.R. § 404.1535).  Since the ALJ did not find Plaintiff disabled, it would appear that he did not have to answer the question of whether Plaintiff's alcohol use/abuse is material.  The problem, however, is that the ALJ assessed Plaintiff's RFC assuming Plaintiff has no mental limitations (whether they be from alcohol use/abuse or from her mental impairments).  This assumption is inaccurate in two ways: first, it ignores the reality that the ALJ recognized earlier in the process that Plaintiff has restrictions as a result of either her mental disorders or alcohol or both; and second, it fails to account in any way for the ALJ's earlier finding that Plaintiff has moderate limitations in two broad mental functioning areas.  The RFC, which was based upon a false assumption, ultimately led to the finding that Plaintiff is not disabled.

Further, the ALJ rejected the treating psychiatrist's opinion that Plaintiff has significant mental limitations even in the absence of alcohol use/abuse, but in rejecting the opinion, it does not appear that the ALJ relied on any other medical opinion regarding whether and to what extent Plaintiff's alcohol use/abuse contributes to her symptoms.  See Ambrosini v. Astrue, 727 F. Supp. 2d 414, 432 (W.D. Pa. 2010) (remanding a case to the Commissioner for further proceedings because "the record d[id] not contain any medical opinions of whether [the plaintiff's] substance abuse [wa]s material to his mental health issues . . . [or any] medical opinions . . . to cast any light on whether [the plaintiff's] mental impairments would subside if he stopped his substance abuse"); Lizardo v. Astrue, No. ED CV 10-402(SH), 2010 WL 4220411, at *2 (C.D. Cal. Oct. 18, 2010) (unpublished) (citations omitted) (reversing and remanding a case to the Commissioner for further proceedings because

"there [wa]s not a single medical opinion in the record about how plaintiff's abstention from all drug and alcohol usage would affect his disability"). To the extent the ALJ relied on an unidentified non-examining psychologist's opinion regarding the mental limitations, judicial review is frustrated because the ALJ did not identify the opinion he relied upon from the 1269-page administrative transcript. See Tr. at 18. If the ALJ relied on the opinion of Sally Rowley, Psy.D. found at pages 505-07[4] as Defendant contends he did, see Def.'s Mem. at 7, Dr. Rowley was not asked to opine, nor did she, on the limitations Plaintiff would have in the absence of alcohol use/abuse. See Tr. at 505-07.

For these reasons, the matter must be remanded for the ALJ to properly consider whether Plaintiff is disabled, and if so, whether alcohol use/abuse is a material factor contributing to the disability. If the ALJ rejects the treating psychiatrist's opinion that Plaintiff's symptoms will persist even in the absence of alcohol use/abuse, he shall obtain another medical opinion on this issue. In reconsidering these matters, the ALJ shall also be sure to address the issues raised in this appeal as appropriate.

## V.  Conclusion

For the foregoing reasons, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **REVERSING** the Commissioner's decision and **REMANDING** this matter with the following instructions:

---

[4]    The opinion is duplicated at pages 515-17.

A.   Reconsider whether Plaintiff is disabled, and if so, whether alcohol use/abuse is a material factor contributing to the disability;

B.   If the treating psychiatrist's opinion that Plaintiff's symptoms will persist even in the absence of alcohol use/abuse is rejected, another medical opinion on this issue shall be obtained;

C.   Address the issues raised in this appeal as appropriate; and

D.   Take such other action as may be necessary to resolve these claims properly.

2.   The Clerk is further directed to close the file.

3.   In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on March 28, 2014.

*James R. Klindt*

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

-10-